

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NEM
F. #2017R01381

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 1, 2024

By ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Guanghua Shen
              Criminal Docket No. 18-302 (MKB)

Dear Chief Judge Brodie:

      The government respectfully submits this letter pursuant to the Court's order and in advance of sentencing in the above-captioned case, which is scheduled for April 2, 2024.  On September 20, 2019, the defendant Guanghua Shen pleaded guilty pursuant to a plea agreement before the Honorable Steven L. Tiscione to Count Four of the Second Superseding Indictment, which charged Shen with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846.  For the reasons set forth below, including Shen's operation of an illegal gambling business, distribution of extremely pure methamphetamine, and her repeated violations of pre-trial release conditions and continued criminality, Shen should be sentenced to a substantial sentence of imprisonment within the range set out by the U.S. Sentencing Guidelines ("U.S.S.G." or the "Guidelines").

      I.    Background

      As set forth in the Pre-Sentence Investigation Report ("PSR") and discussed in the government's October 28, 2021 sentencing submission, Shen joined a large-scale drug trafficking and gambling operation run by defendant Anthony Pineda. (PSR ¶ 5).  Shen partnered with Pineda in operating illegal gambling parlors and distributed large amounts of pure methamphetamine inside those parlors to others, including addicted gamblers who frequented these locations.  (PSR ¶¶ 8-9).  Unlike Shen and Pineda's other codefendants, Shen was a partner to Pineda – and earned a sizeable amount of money from her criminality.

      Shen was arrested on June 22, 2018, and subsequently released on bond.  As detailed in the government's October 28, 2021 submission, notwithstanding the severe restrictions imposed by the Court upon her release, Shen repeatedly violated the terms of her

release and, most troublingly, continued operating at least one illegal gambling parlor. She also repeatedly lied to Pretrial Services when caught in her criminality.

II. The Sentencing Guidelines

The government agrees with the Guidelines calculation set out in the PSR, which calculates a total offense level of 31 based on the following:

| | |
|---|---:|
| Base Offense Level (§ 2D1.1(c)(1)) | 36 |
| Less: Offense Level Reduction (§ 2D1.1(b)(18)) | -2 |
| Less: Offense Level Reduction (§ 4C1.1) | -2 |
| Less: Acceptance of Responsibility (§ 3E1.1(a) & (b)) | -3 |
| Total: | <u>29</u> |

At a Criminal History Category of I, this calculation yields a Guidelines range of 87 to 108 months imprisonment.

III. Discussion

The defendant joined a large-scale gambling and drug trafficking operation, directly profiting from these crimes. Even after serving nearly three months in federal pre-trial custody, upon her release on bond, she began to again commit crimes. Most troublingly, she ignored repeated directives from this Court to comply with her release terms, choosing to commit the very same types of illegal gambling crimes for which she was arrested. Then when caught from her continued criminality the defendant repeatedly lied to Pretrial Services.

Shen's crimes—committed through her partnership with a drug kingpin—were very serious. As this Court is aware, this case has defendants at varying levels within the criminal organization's hierarchy. But Shen was not simply a subordinate to Pineda or a worker in a gambling parlor, she was his equal in the gambling business and they shared in the criminal proceeds generated from that illegal business. Shen was motivated by a desire to profit from crime; not fear, ignorance, or happenstance.

In her letter, the defendant submits that a non-incarceratory sentence is warranted because the defendant has a son and has participated in drug treatment. (Def. Ltr. at 2). Although the Court should certainly consider these facts in determining an appropriate sentence, here, they do not warrant a departure from the Guidelines range so significant that the defendant would avoid any jail time for this offense. First, the Guidelines explain that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. Furthermore, the defendant does not have a minor child – her son is 18 years old and is a legal adult. Having an adult child cannot possibly be the sort of family circumstance that could support such a drastic departure from the Guidelines in this case. Second, while the defendant is currently engaged in drug treatment, she has missed numerous treatment sessions. Taken together,

the defendant's conduct on pre-trial release has been deeply problematic and reflects a serious disregard for the Court, the law and seriousness of the federal charges to which she pled guilty.

Finally, the Court has been faced with repeated Pre-Trial violations from a number of defendants and considered that fact in fashioning appropriate sentences. As a result, the need for unwarranted sentencing disparities in this case calls for a substantial sentence of imprisonment. The Court imposed a sentence of 24 months imprisonment for defendant Nan Zhang, a low-level worker at Pineda's gambling parlor who, like Shen, distributed methamphetamine and violated his release conditions. (Judgment, ECF No. 313). The Court imposed a sentence of one year and a day for another low-level gambling parlor employee, defendant Jin Wang, whose track record on pre-trial release paled in comparison to Shen's and who – unlike Shen had a dependent infant daughter who he cared for alone. (Judgment, ECF No. 400). As noted above, Shen was not a low-level parlor worker. And her defiance of court orders and continued criminality are exceptional. As a result, a substantial sentence of imprisonment is necessary and would reflect her role in the instant offense and conduct while on release.

IV.  Conclusion

For the reasons set forth above, the government respectfully submits that a substantial sentence within the applicable Guidelines range is appropriate.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/ Nadia E. Moore
Nadia E. Moore
Assistant U.S. Attorney
(718) 254-7000

3